IN ADMIRALTY.

E MOLL and G. REINERS, Assignees, &c.. vs. SCHOONER "VAQUERO."

A vessel was libelled and it was prayed that the share of the minority owners might be attached to answer a judgment against them, and that the majority owners should be required to give security for the return of the vessel.  The court refused, on motion, to dismiss the libel.

Motion to dismiss the libel.

JUDGE ROBERTSON, acting as Chief Justice, delivered his decision as follows:

The first ground on which the motion to dismiss the libel is based, is in substance, that the allegations therein set forth are not sufficient to authorize the court to exercise admiralty jurisdiction, and to seize and detain the vessel.

I am clearly of the opinion that the facts set forth in the libel, are such as entitle the libellants to the aid of the admiralty process. The court has already decided that the execution, in aid of which process of detention is prayed for, may stand; and that the libellants, by virtue of their levy under the judgment and execution against Post & Co., have become so far subrogated to their rights, as part owners of the " Vaquero," that they may well call upon the other part-owners to give the security asked for, before carrying the vessel out of the jurisdiction, I think there can be no doubt.

It seems to me that under a contrary doctrine, a non-resident debtor might bid defiance to his creditors here, even after judgment rendered in their favor, by floating his property to an unlimited amount into our port, in the shape of shares in vessels.   It cannot be denied that the property of an absent debtor, in any other form, if found and identified within our jurisdiction, may be reached by legal process, and applied to the payment of any lawful judgment rendered against him, and to say that because it happens to take the shape of a vessel, or certain shares of a vessel, it cannot be so reached and made available for that purpose, seems unreasonable, and would imply a plain denial of justice towards the judgment creditor.

It has been argued, and I am by no means clear that such is not the case, that where part only of a vessel is levied upon, as in this instance, the vessel might be detained until the execution matured, and a sale was had by the Marshal.   Although this may be true, even where the portion levied upon does not constitute the major part of the vessel, yet, it would seem to be but another mode of effecting the

same object. In the one case the other part-owners are required to give security for the return of the vessel, at the instance of him whose share has been seized, or those succeeding to his rights, and in the other case those part-owners would be compelled voluntarily to offer such security, if they wished to send the vessel to sea. But, it seems to me unnecessary to give a positive opinion upon this point at present, and I look upon it as an open question, to be decided whenever a case shall come up in a form which demands it.

It is contended further that the court ought not to entertain the libel, and grant the relief prayed for, because to do so would be oppressive and unjust towards those of the part-owners of the "Vaquero," who were not connected in any way with the proceedings against Post & Co.

That this proceeding must cause a certain amount of inconvenience and trouble to those part-owners, must be admitted, but this is a species of inconvenience which parties who own either vessels or other property, in common with others, are called upon to suffer every day. It cannot be otherwise in the nature of things. It may be a misfortune for those part-owners to have their property thus detained, not on account of any liability of their own, but for the default of others; yet, it is a misfortune the possible occurrence of which, can never be overlooked by those who agree to unite their interests in the ownership of vessels.

I see no reason to believe that the libellants have instituted proceedings against the "Vaquero," for the purpose of oppression or of wanton annoyance. The fact that they are acting, not for their own individual interests, but for those of the creditors of Swan & Clifford generally, would seem to repel any such presumption. Nor can I see any peculiar hardship in these proceedings against the majority owners, who, while they have the possession of the vessel, hold in their own hands the means of securing themselves against any ultimate loss, arising from their being called upon to give the security required, to allow the vessel to proceed at once on her voyage.

The motion to dismiss the libel is over-ruled.

Mr. Montgomery, proctor for libellants.

Mr. Harris and Mr. Campbell, proctors for the defendants.